UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SCOTT STANTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-CV-0070-CVE-CDL |
| | ) |
| AERO ACCESSORIES AND | ) |
| REPAIR, INC. and DAVID VAIL, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is plaintiff Scott Stanton's motion to amend his complaint (Dkt. # 14).

Briefly, plaintiff brought this action in the District Court of Tulsa County, Oklahoma (Case No. CJ-2020-03676), against defendant Aero Accessories and Repair, Inc. ("AAR") and David Vail, seeking to recover on theories of breach of contract, quantum meruit/quasi contract, breach of the obligation and implied covenant of good faith and fair dealing in labor contracting, and fraud. Dkt. # 2, at 2. AAR removed the action. Id. On April 12, 2021, AAR filed a motion to dismiss plaintiff's quantum meruit/quasi contract, breach of the obligation and implied covenant of good faith and fair dealing in labor contracting, and fraud claims pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. # 11).

Plaintiff filed a response to the motion (Dkt. # 12), a notice of dismissal (Dkt. # 13), and a motion to amend the complaint (Dkt. # 14). In plaintiff's response, plaintiff states that it agrees that the claims for quantum meruit/quasi contract, and the breach of the obligation and implied covenant of good faith and fair dealing in labor contracting should be dismissed without prejudice. Dkt. # 12, at 1-2. However, plaintiff disputes that the fraud claim should be dismissed. Id. at 3-4. In plaintiff's

motion to amend (Dkt. # 14), he states that he intends to address the defendant's arguments against his fraud claim in his proposed amended complaint. Dkt. # 14, at 1.

Under Fed. R. Civ. P. 15(a), "[a] party may amend its pleading once as a matter of course . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a).

AAR filed its motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), on April 12, 2021. Dkt. # 11, at 1. Accordingly, plaintiff is permitted to amend, as a matter of course, for up to 21 days after service of that motion. That deadline has not lapsed, therefore, plaintiff is permitted to file an amended complaint reflecting its proposed changes.

**IT IS THEREFORE ORDERED** that the plaintiff's motion to amend the complaint (Dkt. # 14) is **granted**. The plaintiff is directed to file the amended complaint before the expiration of its time to do so under Fed. R. Civ. P. 15(a). If an amended complaint is filed, the motion to dismiss (Dkt. # 11) will be moot.

**DATED** this 23rd day of April, 2021.

*[Signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE